IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>Loren Albert Goldtooth, Sr.,<br><br>                Defendant. | No. CR-06-246-TUC-DCB (CRP)<br><br>**REPORT AND RECOMMENDATION** |

On June 23, 2011, the Government filed a petition to revoke supervised release with five separate allegations:

        A. Failing to submit monthly supervision reports;

        B. Failing to report to Probation Office on November 29, 2011;

        C. Failing to report to Probation Office on March 21, 2011;

        D. Failing to report to Probation Office on April 13, 2011; and

        E. Not paying restitution on a monthly basis.

The Government agreed to dismiss allegations B, C, and D in advance of the hearing. Defendant admitted to Allegation A at the commencement of the hearing. Evidence was taken on Allegation E, failure to pay restitution in monthly installments.

Defendant was ordered to pay the victim, Tohono O'odham Kiki Association (TOKA), restitution in the sum of $52,239.00. Accrual of interest was waived by the Court. Further, the Court ordered: "Payments shall commence 30 days after release from

custody in monthly installments of $1,000.00."

Defendant was released from custody on September 25, 2009. He was to begin making payments of $1,000.00 per month on October 25, 2009. (*See* Ex. 2, p. 2). Between October 2009 and June 2011, Defendant made five payments, the largest being $195.00. On June 15, 2011, the Government recovered $35,028.33, the proceeds from garnishing Defendant's retirement account. Eight days later, the instant Petition was filed.

Defendant argues that the garnished $35,000.00, if spread out over the time he has been on supervision, averages more than $1,000.00 a month. Probation Officer Rebecca Wilcox testified that she lowered the $1,000.00 monthly payment to $100.00. Officer Wilcox also testified that if Defendant had paid even $5.00 per month, she would have been satisfied. This information was not communicated to Defendant.

The lump sum payment did not, absent further order of the Court, obviate the requirement to make monthly installment payments. However, it is undisputed that Defendant has no remaining assets and has never found employment while on supervision. In other words, he has had no capacity to pay restitution at the times in issue. While Officer Wilcox speculated as to the kinds of employment Defendant could find in Tuba City, she acknowledged that she has not required Defendant to fill out worksheets concerning his applications for employment. Based on these factual findings, this Court recommends that Defendant be found to not have violated Allegation E. The failure of Defendant to communicate with his probation officer necessitated the filing of this Petition. Above all else, in the future Defendant must prioritize written and telephonic communication with his probation officer.

**IT IS THEREFORE the report and recommendation** of this Court that:

1. Defendant be found in violation of Allegation A in this Petition;
2. Allegations B, C, and D be dismissed; and
3. Defendant be found not to be in violation of Allegation E.

A disposition hearing is scheduled before District Judge Bury for April 27, 2012 at 9:45 a.m.

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cr 06-246-DCB**.

Dated this 23rd day of March, 2012.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE