IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>vs.<br><br>Loren Albert Goldtooth, Sr.,<br><br>              Defendant. | Case No. CR 06-246-TUC-DCB (CRP)<br><br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate Judge to conduct an evidentiary hearing concerning a petition to revoke supervised release of Loren Albert Goldtooth (Defendant). (Doc. 173). The Magistrate Judge conducted the evidentiary hearing on June 26, 2012. (Doc. 178). At the hearing, Defendant's probation officer Rebecca Wilcox (Probation Officer Wilcox) testified and eleven exhibits concerning the supervised release of Defendant were admitted. (Docs. 179, 180).

**Procedural History**

On September 18, 2008, a jury in United States District Court, in the District of Arizona, found Defendant guilty of two counts in violation of 18 U.S.C. § 1163 Embezzlement and Theft, and six counts in violation of 26 U.S.C. § 7203 Failure to Provide Information to the Internal Revenue Service. (Doc. 63; 6/26/12 Evidentiary Hearing, Exhibit 2). Defendant was sentenced to twelve months and one day of incarceration and three years of supervised release for the § 1163 violations, and ten

months incarceration and one year supervised release for the § 7203 violations. (Doc. 96; 6/26/12 Evidentiary Hearing, Exhibit 2). All counts ran concurrently. (*Id.*).

Defendant began supervised release on September 25, 2009. (Doc. 182, p. 7). The District Judge placed 20 standard conditions and 4 special conditions upon Defendant's supervised release. (Exhibit 1). Standard condition number four required of Defendant: "You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." (Exhibit 1). Special condition number three required of Defendant: "You shall cooperate with the Internal Revenue Service and pay all tax liabilities. You shall file timely, accurate and lawful income tax returns and provide proof to the probation officer." (Exhibit 1). The Government alleges Defendant violated both of these conditions and requests that the Court revoke Defendant's supervised release.

**Evidentiary Hearing**

U.S. Probation Officer Wilcox works in Flagstaff, Arizona. (Doc. 182, p.6). Probation Officer Wilcox was assigned to supervise Defendant's release; Probation Officer Wilcox began supervising Defendant on January 19, 2010. (Doc. 182, p.7). Probation Officer Wilcox reviewed the terms of supervised release with Defendant on May 3, 2010.[1] (Doc. 182, p. 8).

On August 13, 2010, Probation Officer Wilcox received a letter from the Internal Revenue Service (IRS), indicating that Defendant had not filed his tax returns for the 1998-2009 tax years, and was therefore in violation of special condition number three of his supervised release. (Exhibit 2). On August 26, 2010, Probation Officer Wilcox sent Defendant a letter informing him that he was noncompliant with the IRS, and requesting that Defendant submit his tax returns for the 1998-2009 tax years by September 5, 2010. (Exhibit 3). On September 1, 2010, Defendant told Probation Officer Wilcox that he did

---

[1] Defendant's prior probation officers had previously reviewed Defendant's terms of supervised release with him. (Doc. 182, pp. 8-9).

- 2 -

not file tax returns because he did not have funds to do so.[2] (Doc. 182). Probation Officer Wilcox gave Defendant an extension to file his tax returns by September 13, 2010, and Defendant signed a form stating that he would comply. (Exhibit 4).

On September 14, 2011, IRS Agent Scott Castle (Agent Castle) contacted Probation Officer Wilcox and told her that he believed Defendant was noncompliant in filing his tax returns. (Doc. 182, p. 16). Agent Castle also told Probation Officer Wilcox that he could not discuss the details of Defendant's noncompliance with her until Defendant signed an IRS Form 8821 (8821 form), giving Agent Castle permission to reveal confidential tax information to a third party.[3] (*Id*.). Agent Castle sent Probation Officer Wilcox the 8821 form for Defendant to complete. (*Id*.).

On January 30, 2012, Probation Officer Wilcox met with Defendant and gave him the 8821 form to complete. (Doc. 182, p. 17). Defendant refused to sign the 8821 form, and told Probation Officer Wilcox that he wanted his attorney to review the form before he signed it. (Doc. 182, p. 20). Probation Officer Wilcox told Defendant to sign and return the 8821 form by February 13, 2012. (*Id*.). On February 14, 2012, Probation Officer Wilcox received by mail a copy of the 8821 form that she had provided to Defendant. (Doc. 182, pp. 21-22). On the form, Defendant limited the years he was willing to reveal to a third party to 1999-2002, as opposed to the years of 1999-2010 which Probation Officer Wilcox originally requested. (Exhibit 6).

On February 16, 2012, Probation Officer Wilcox called Agent Castle and asked him if the tax years 1999-2002 would be sufficient for her to discuss Defendant's matter, and Agent Castle told her that he needed an 8821 form completed for all tax years from 1999-2010. (Doc. 182, pp. 28-29). On February 16, 2012, Probation Officer Wilcox sent a letter to Defendant, informing him that he needed to bring the 8821 form with the

---

[2] Probation Officer Wilcox testified that Defendant also claimed that he did not file a tax return in 2009 because his income was below the taxable threshold. (Doc. 182, p. 12).

[3] An 8821 form allows the taxpayer to choose a surrogate to discuss and receive their tax information from the IRS.

- 3 -

correct dates, 1999-2010, to the probation office in person on February 27, 2009. (Exhibit 7). Probation Officer Wilcox included with the letter an 8821 form, on which she filled out the requested dates 1999-2010. (Exhibit 8).

On March 1, 2012, Probation Officer Wilcox received a receipt from the U.S. Mail that Defendant signed for the letter. (Exhibit 9). After receiving proof of receipt, Probation Officer Wilcox called Defendant to ask if he received the letter. (Doc. 182, p. 25). Defendant told Probation Officer Wilcox that he had not been to the post office or signed for the letter. (*Id*.). Probation Officer Wilcox requested that Defendant send in the tax information on March 5, 2012. (Doc. 182, p. 31). On March 5, 2012, Probation Officer Wilcox received a letter from Defendant stating he had complied with the IRS in filing his tax returns: "Please sign the enclosed Internal Revenue Service Form 950 documenting that they have the following tax returns on file for the years 2000-2008. I believe that this fully complies with special condition number 3. I've already provided you with copies of the tax returns for the years '99 – 1999 through 2008. I am hesitant to sign the IRS form since you already have all prior tax returns in your procession (sic)." (Exhibit 10). Probation Officer Wilcox could not identify or confirm that the IRS Form 940 sent by Defendant was an official IRS form. (Doc. 182, p. 32). Defendant did not include an 8821 form with this letter. (*Id*.).

**Discussion**

**I.   Allegation F**

In Allegation F, the Government alleges Defendant violated standard condition number four; he failed to follow the instructions of the probation officer while under supervised release.

The testimony of Probation Officer Wilcox established Defendant was instructed on multiple occasions to sign an 8821 form, which would grant Probation Officer Wilcox access to Defendant's tax information. Defendant failed to comply with Probation Officer Wilcox's instructions on January 30, 2012, February 9, 2012, and March 1, 2012. Defendant was advised of his supervised release conditions multiple times, including the

requirement to follow the instructions of his probation officer. Defendant failed on multiple occasions to follow the instructions of Probation Officer Wilcox and Defendant does not offer a valid reason for noncompliance. The Court finds Defendant is in violation of standard condition number four, failure to follow instructions of the probation officer.

Although the Court finds Defendant in violation of Allegation F, it should be noted that Defendant did file an 8821 form for the years 1999-2002, and Probation Officer Wilcox did not make any attempt to submit this form to the IRS or Agent Castle. The Government offers no reason for failing to process the 8821 form that Defendant did complete for the years of 1999-2002.

**II.     Allegation G**

In Allegation G, the Government alleges Defendant violated special condition number three; he failed to cooperate with the IRS, pay all tax liabilities, and file timely, accurate, and lawful income tax returns and provide proof to the probation officer.

Probation Officer Wilcox's testimony fails to establish that Defendant violated this condition. When asked about Defendant's failure to file a 2003 tax return, Probation Officer Wilcox testified that Defendant failed to produce a signed 8821 form:

> Government: Allegation G is that [Defendant] failed to submit a copy of his 2003 tax return filing as instructed on January 30th of this year; is that right?
>
> Wilcox: Yes.
>
> Government: Tell us what information you have regarding that particular date, January 30th.
>
> Wilcox: I'm sorry, I don't really understand your question.
>
> Government: What happened on January 30th, 2012 that caused you to include that in allegation G which reads that he failed to submit a copy of his 2003 tax return filing?
>
> Wilcox: Because I asked him on that date to sign that form, the 8821, and

he stated that he needed to discuss it with his attorney.

(Doc. 182, p. 31). Failure to sign the 8821 form is not evidence that Defendant was noncompliant with filing his 2003 tax return. The purpose of the 8821 form is to allow communication between the probation officer and the IRS concerning Defendant's taxes.

To prove Allegation G, the Government needed to elicit testimony that Defendant failed to file his 2003 tax return. The Government never returned to the question of Defendant's failure to file his 2003 tax return before ending examination. There is no evidence on record that Defendant failed to file his 2003 tax return. The Court finds Defendant is in not violation of special condition number three.

**Recommendation**

The Magistrate Judge recommends the District Court, after independent review, find Defendant violated Allegation F of this Petition but did not violate Allegation G.

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cr-06-246-DCB**.

Dated this 8th day of August, 2012.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE