WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America,  )
　　　　　　　Plaintiff,    )
　　　　　　　　　　　　　 )   CR 06-246 TUC DCB (DCB)
v.                         )
　　　　　　　　　　　　　 )   **O R D E R**
Loren Albert Goldtooth, Sr.,)
　　　　　　　　　　　　　 )
　　　　　　　Defendant,    )
_____)

　　　　For the reasons stated below, the stay is lifted, and Defendant shall voluntarily surrender to the designated institution or to the United States Marshal in Flagstaff, Arizona by 12:00 p.m. on Friday, May 10, 2013.

　　　　On October 30, 2012, the Court accepted and adopted the Magistrate Judge's Report and Recommendation (R&R) in part as to the findings of fact and conclusions of law in respect to the Petition to Revoke Supervised Release as to Allegation F, standard condition four, but reversed in part the R&R as to Allegation G, standard condition three. The Court found the Defendant had violated both conditions three and four for supervised release.

　　　　A disposition hearing was set and held before this Court on November 29, 2012, whereat the Defendant asserted he had filed tax returns which were the subject of the Petition to Revoke. The Court ordered further briefing regarding the proper disposition of the matter, and the Court ordered the Defendant to sign the IRS form 8821 authorizing the probation officer to confirm with the IRS that the Defendant had filed his tax returns. The Court reset the disposition hearing for January 22, 2013, but on January 17, 2013, the Defendant asked for a 30-day continuance due to his mother's health. The hearing was reset to March 18, 2013.

On January 30, 2013, the Defendant caused a subpoena to be served on IRS Agent Scott Castle, commanding him to appear and bring all taxes and IRS records for the Defendant to the March 18, 2013 disposition hearing.[1] At the hearing, the Court ordered revocation of Defendant's supervised release and ordered him to self-surrender to the United States Marshal in Flagstaff, Arizona, on March 25, 2013. Judgment was entered on March 25, 2013.

On March 21, 2013, the Defendant filed a Petition for Resentencing and a Motion to Stay his self-surrender because Agent Scott Castle, who testified at the disposition hearing, failed to acknowledge and confirm the issuance of the subpoena. The Defendant argued he needed the subpoenaed IRS records to support his testimony under oath that he had submitted his 1040 income tax forms to the IRS. The Court stayed the Defendant's self-surrender and set a status hearing for April 1, 2013. Since then, the Court has obtained two affidavits from the IRS and heard testimony from Agent Castle.

Agent Scott Castle attests that on or after March 13, 2013, the Defendant sent, via the United States Postal Service, his individual 1040 tax returns for 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008, to the Flagstaff and Mesa IRS offices. On March 27, 2013, Agent Castle attested he received these returns at the Mesa office and he had processed them, but the Defendant had not filed for 1999, 2009 or 2010. He did file his 2011 Form 1040.

Because the Defendant wanted an affidavit from an IRS Custodian of Records other than Scott Castle, the Court ordered that Kenneth Wilder, Senior Disclosure Specialist, provide an affidavit, which he did. Specialist Wilder attested that he searched the IRS records as of March 27, 2013, and found no tax returns for the years 1999 through 2010, but found a return for 2011. The Defendant files a Motion to Strike the Wilder Affidavit, alleging that Mr. Wilder has "committed perjury" by giving a false statement because his statement conflicts with the statement provided by Scott Castle.

The Government responds and explains that the Defendant mailed his tax returns to IRS offices, which in turn had to process them, "meaning they had to fill out a form and forward the

---

[1] The subpoena reflects that Defendant served the IRS at its Mesa Office, and the process server served IRS Agent Castle on February 5, 2013.

- 2 -

return to an IRS Service Center. "Only IRS Service Centers have the ability to input returns into the IRS data base." (Response (Doc. 227) at 3.) This simply had not occurred on March 27, 2013, when Agent Wilder conducted his search of the IRS data base and signed his affidavit.

The Court finds that once again the Defendant has successfully stonewalled the judicial process. As of October 30, 2012, the Defendant was found to be in violation of conditions three and four for supervised release for failing to answer truthfully all inquiries by the probation officer and to follow her instructions, including signing the Form 8821 and for failing to cooperate with the IRS and timely file and pay all tax liabilities. (Order (Doc. 191)). Had the Defendant timely complied with the conditions of supervised release by filing his individual income tax returns and signing the form 8821 so that the probation office could verify that he had filed his tax returns, the IRS records would have accurately reflected his compliance on March 27, 2013. The Defendant is solely responsible for his noncompliance, which existed until approximately Marcy 14, 2013. He cannot be heard to complain that the IRS records fail to reflect data he had not provided.

On October 30, 2012, this Court found the Defendant was released from prison on September 25, 2009, and since October 2010, he has essentially been non-compliant with the conditions of release by . . . failing to follow the directions of the probation officer related to ensuring his compliance with standard condition 3: that he is cooperating with the IRS to pay his tax liabilities and filing timely, accurate and lawful income tax returns." (Order (Doc. 191) at 4.) This remained true until approximately March 14, 2013 for tax years 2000, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 and remained true for tax years 1999, 2009, and 2010 as of that date and may remain true still.

The Court finds no further hearings to be necessary. Defendant's noncompliance with standard condition three is abundantly clear from the record. The Court reaffirms its findings related to Defendant's violations of standard conditions three and four and affirms the Judgment and Commitment issued by the Court on March 25, 2013, except it shall be amended to reflect

that the Court in its October 30, 2012, Order adopted the R&R in part and reversed it in part finding violations of both conditions three and four.

**Accordingly,**

**IT IS ORDERED** that the Motion to Determine Burden of Production (Doc. 212) is DENIED as moot in light of the affidavits filed by IRS Agents Castle and Wilder.

**IT IS FURTHER ORDERED** that the Motion to Strike (Doc. 223) is DENIED.

**IT IS FURTHER ORDERED** that the Order (Doc. 206) which was vacated in part as to the directive for Defendant to self surrender on March 25, 2013, is reinstated and the stay of Defendant's self surrender is lifted.

**IT IS FURTHER ORDERED** that the Judgment and Commitment (Doc. 207) shall be amended to reflect that on 10/30/2012, the Report and Recommendation of the Magistrate Judge was adopted in part and reversed in part by the Court's finding the Defendant violated conditions three and four for supervised release. The Court affirms the Judgment and Commitment.

**IT IS FURTHER ORDERED** that the Defendant shall voluntarily surrender to the designated institution or to the United States Marshal in Flagstaff, Arizona, by 12:00 p.m. on Friday, May 10, 2013.

DATED this 6th day of May, 2013.

David C. Bury
United States District Judge

cc: USM